637 P.2d 757

ANONYMOUS, Petitioner,

v.

The Honorable Lillian S. FISHER, Judge of the Superior Court, County of Pima, State of Arizona, Respondent,

and

Anonymous, Real Party in Interest.

No. 2 CA–CIV 4109.

Court of Appeals of Arizona, Division 2.

Oct. 19, 1981.

Rehearing Denied Nov. 19, 1981.

Quantz & Leenhouts by Ann M. Leenhouts, Tucson, for petitioner.

Karen M. Hayden, Tucson, for real party in interest.

John S. O'Dowd, Tucson, for minor child.

Jay R. Myrow, Tucson, for respondent father.

## OPINION

HATHAWAY, Chief Judge.

Petitioner has brought this special action to challenge the respondent court's setting aside of an amended custody decree and its changing the legal and physical custody of a minor child. Since petitioner is without an adequate remedy by appeal and we believe the respondent court acted without legal authority, we assume jurisdiction and grant relief.

The applicable facts are as follows. Petitioner and H– were married December 3, 1980. On the following day, they filed an application for preadoption certification and petitioned the court for custody of the minor involved herein, who was born on November 3, 1980. The natural parents of the child filed affidavits of parental consent and waiver of further notice the same day. After hearing, custody of the minor was awarded to petitioner and H–. On January 20, 1981, petitioner and H–, as a married couple, were certified to adopt the minor and on January 26, they filed a petition to adopt the child. On February 18, however, they were divorced in Pinal County, Arizona. On May 8, the natural parents signed affidavits giving consent to the adoption by petitioner solely and waiver of further notice. On June 9, petitioner filed an amended petition for custody and an amended petition for leave to adopt the child. Her petition for custody was granted on June 17. On July 16, H– filed a motion to set aside the amended custody order. On July 30, the respondent court vacated the amended custody order, giving as its reason that some of the interested parties did not receive notice. In addition, the court vested the temporary legal custody of the child in the Department of Economic Security and ordered that the temporary physical custody of the child be returned to the natural mother, such placement to be reviewed after a two-week period.

The original custody order was issued under A.R.S. § 8–108 and after the certification process in A.R.S. § 8–105, custody of the child was determined by A.R.S. § 8–113(D), which provides that the petitioners for adoption have the right to physical custody of the child unless the child is removed by order of the juvenile court after notice and hearing. Petitioner and H– were given custody on December 18, 1980, and were certified by the court on January 20, 1981. However, they jointly petitioned for adoption and were certified as husband and wife. The dissolution of their marriage operated as a withdrawal of their petition by operation of law under A.R.S. § 8–118. At that point, the interest of H– terminated. Thereafter, he never filed a petition for leave to adopt in his sole capacity, but rather only sought to disturb the proceedings when he filed his objections to the amended custody order filed by petitioner in her sole capacity. It was error for the

court to believe that H— was entitled to notice since he was no longer an interested party in the adoption proceedings. His rights were terminated with the withdrawal by operation of law of his joint custody petition. Assuming, arguendo, that the respondent court was correct in setting aside the amended custody order, it still erred in its disposition of the child. Under A.R.S. § 8–118, when a petition is withdrawn, the court shall order the removal of the child from the proposed adoptive home only if it finds that the removal is in the child's best interests. A logical inference from the court's signing the amended custody order is that the court believed that it was in the best interests of the child to leave it with petitioner since the child had been with the petitioner for six of its seven months of existence.

However, when the court vacated the amended custody order on July 30, 1981, it returned physical custody of the child to the natural mother who had twice signed consent to adoption. In addition, legal custody was given to DES, presumably under the authority of A.R.S. § 8–118, which allows the court to remove the child from the proposed adoptive home and vest temporary legal custody in a state agency. However, the court can only act under A.R.S. § 8–118 after making a finding that removal from the proposed adoptive home is in the child's best interests. At the hearing on the amended petition for custody, no testimony was taken and no witnesses were sworn. There was nothing before the court from which it could have made the requisite determination as to the child's best interests. Indeed, there is nothing in the record to support a finding that placement with the natural mother was in the best interests of the child. The natural mother did come forward at the July 30 hearing and ask for custody of the child; however, one who consents to the adoption of a child cannot revoke that consent except for legal cause. *In re Holman's Adoption,* 80 Ariz. 201, 295 P.2d 372 (1956). See also *Anonymous v. Anonymous,* 23 Ariz.App. 50, 530 P.2d 896 (1975). The natural mother has never filed a petition to revoke her consent on the basis of fraud, undue influence, coercion or any other legal cause. Without making a determination that her consent was given under one of those other than voluntary situations, it was error to return the child to her which in effect nullified the previous order granting custody to petitioner. The natural mother had no standing to be a party to the custody proceedings since she had not filed a motion to intervene and had not filed a motion to revoke her consent.

We believe the respondent court had no legal basis for vacating the amended custody order awarding custody of the child to petitioner. The July 30, 1981, orders are therefore vacated and the respondent court is directed to reinstate the amended custody order.

HOWARD and BIRDSALL, JJ., concur.